# HARDING ⚖ MAZZOTTI LLP

*Name Changed from Martin, Harding & Mazzotti, LLP

**PARTNERS**

Paul B. Harding
Victor L. Mazzotti
Rosemarie Riddell Bogdan

**MAIN OFFICE**

1 Wall Street
Albany, New York 12205

TOLL FREE: 1.800.529.9922
FAX: 518.724.0385

**STAFFED OFFICES**

Burlington, VT
Plattsburgh, NY
Rochester, NY
Saratoga, NY
Manchester, VT
Tewksbury, MA

**APPOINTMENT CENTERS**

Albany, NY
Buffalo, NY
Corning, NY
Detroit, MI
New York, NY
Syracuse, NY
Schenectady, NY
Troy, NY
White Plains, NY

**FIRM ATTORNEYS ADMITTED IN**

New York
Massachusetts
Michigan
Vermont
District of Columbia
California
New Hampshire
New Jersey
Connecticut
Texas
New Mexico
SCOTUS

*MEMO ENDORSED*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/22/2026__

May 21, 2026

**VIA ECF ONLY:**
Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, New York 10601

Defendants are directed to respond to Plaintiff's request for a pre-motion conference on or before May 29, 2026.
Dated: May 22, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**Re:** **_Rosas v. Keith S. Rinaldi, P.C. et al._, Case No. 7:26-cv-01314-NSR Pre-Motion Conference Letter — Anticipated Motion to Dismiss Counterclaims Under Fed. R. Civ. P. 12(b)(6); to Strike Under Rule 12(f); and for Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Authority**

Dear Judge Román:

We represent Plaintiff Brianna O. Rosas and write pursuant to Your Honor's Individual Practices Rule 3(A)(ii) to respectfully request a pre-motion conference in connection with Plaintiff's anticipated motion to: (1) dismiss all eight of Defendants' counterclaims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; (2) strike scandalous and impertinent matter from the Sixth Counterclaim pursuant to Fed. R. Civ. P. 12(f); and (3) award attorneys' fees, costs, and sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. We respectfully request that the filing of this letter operate as a stay of Plaintiff's May 26, 2026, deadline to respond to the counterclaims, pursuant to Rule 3(A)(ii).

### I.   Rule 12(b)(6) — All Eight Counterclaims Fail to State a Claim

Defendant Keith S. Rinaldi filed this Answer pro se in his capacity as a licensed attorney of over 40 years. The eight counterclaims he has asserted are a collection of conclusory labels, recycled boilerplate, and, in one instance, a single sentence — none of which approaches the plausibility standard required under _Twombly_ and _Iqbal_.

The **First Counterclaim** (tortious interference) and **Second Counterclaim** (conversion and theft) are based on an alleged "burglary" of Rinaldi's home office. Neither specifies when the alleged burglary occurred, which documents were taken, their value, or how their absence caused any breach of Rinaldi's retainer agreement with his client. The Second Counterclaim incorporates and restates the First verbatim. No Third Counterclaim is pleaded.

1

The **Fourth Counterclaim** (NIED) and **Fifth Counterclaim** (IIED) introduce three wholly new and unsupported allegations — debit card fraud, sexual harassment of Rinaldi, and sexual harassment of his staff by Plaintiff — without a single supporting fact, date, or incident. Both claims seek identical relief based on the identical conclusory allegation that Plaintiff "was negligent, wanton, reckless and careless in, among other things, her utter and complete disregard of the duty owed to Defendant Keith S. Rinaldi." Neither identifies any conduct that is extreme or outrageous, as required.

The **Sixth Counterclaim** (quantum meruit) assigns no dollar value to any alleged service, housing, vehicle use, or amenity and pleads damages entirely in the speculative.

The **Seventh Counterclaim** (defamation via libel) consists, in its entirety, of a single sentence: "Plaintiff Rosas committed defamation in the nature of libel." No statement is identified. No publication, no recipient, no date, no falsity. This is not pleading — it is a label.

The **Eighth Counterclaim** (prima facie tort) is expressly foreclosed because all conduct alleged is co-extensive with the seven other named torts, including "negligence, recklessness and carelessness, retaliation, defamation in the nature of libel, harassment, aggravated harassment, negligent and intentional infliction of emotional distress." Under New York law, prima facie tort does not lie where the conduct alleged is actionable under a recognized tort theory. Nor are special damages pled with the particularity the claim requires.

## II.  Rule 12(f) — The Sixth Counterclaim Contains Scandalous and Impertinent Matter

The Sixth Counterclaim contains a paragraph that has no bearing on any element of quantum meruit and exists solely to harass and humiliate Plaintiff, including by calling Plaintiff a prostitute in a legal pleading. In relevant part, Defendants allege:

> "plaintiff Rosas was confined to the psychiatric center of Mid Hudson Regional Hospital... Plaintiff's brother, A.L., was experiencing, upon information and belief, his own familial debacle and he, a convicted violent felony offender... as he himself had been the subject of an attack previously by a gang at the behest of the plaintiff, Rosas... plaintiff Rosa's [sic] heterosexual (including as per plaintiff Rosas, in state and out of state prostitution with charges ranging from $300.00 to $3,000.00) and homosexual promiscuity (the plaintiff Rosas, has long admitted to many people that she had had male and female sex partners equaling eighty (80) for which she was proud and not ashamed but she knew that her father, M.R., would be beside himself if he was made aware of such conduct, which would cause her, the plaintiff, to be by her own admission, forever ashamed and embarrassed."

Not a single allegation quoted above has any legitimate or legal purpose, and are wholly irrelevant to whether a room-and-board arrangement has a calculable quantum meruit value.  Ms. Rosas was not a patient in psychiatric hospital, nor would there be a reason to state such in a counterclaim if she had been. Ms. Rosas is not a prostitute and has never been.  It is respectfully submitted that a licensed attorney admitted in this Court calling the Plaintiff a prostitute in a counter claim is beyond improper and beyond libel, it is nothing less than abusive.  This material serves no pleading purpose. It is precisely the type of scandalous and impertinent matter Rule 12(f) is designed to strike from the public record.

2

### III. 28 U.S.C. § 1927 and the Court's Inherent Authority

On June 20, 2025, counsel for Plaintiff sent Defendant a letter of representation notifying him of Ms. Rosas' claims of sexual harassment in violation of Title VII and the New York State Human Rights Law, as well as unpaid wages and minimum wage violations under the FLSA and NYLL, which was delivered to Defendant by certified mail on June 23, 2025. Defendant responded on July 11, 2025 by threatening to sue Plaintiff, her counsel, and this firm's paralegal, Ms. Grant, captioning his threatened action "Rinaldi v Grant, Magnuson, Harding Mazzotti, LLP and Rosas" and demanding "immediate retraction of the defamatory words contained therein, at the risk of litigation against the publishers of such defamatory language, including Ms. Grant and Ms. Magnuson, and Harding Mazzotti, LLP, whose employees published such defamation, and Brianna Rosas, who apparently directed that such defamation be published." This retaliatory posture has now found its fullest expression in eight meritless counterclaims filed against a sexual harassment and wage theft litigant.

Section 1927 authorizes sanctions against any attorney who "multiplies the proceedings in any case unreasonably and vexatiously." Defendant Rinaldi is attorney of record, Federal Bar No. KR4794, and is squarely subject to § 1927. These eight counterclaims filed by a 40-year attorney against his former employee who brought employment law claims bear every hallmark of vexatious litigation: one consists of a single sentence; two are verbatim copies of each other; four recycle identical boilerplate without a single supporting fact; one is barred as a matter of law; and one contains a paragraph of scandalous personal attacks that could only have been included to intimidate. The filing of objectively baseless counterclaims designed to burden a litigant constitutes exactly the unreasonable multiplication of proceedings that § 1927 and the Court's inherent authority are designed to redress.

Plaintiff respectfully requests a pre-motion conference at the Court's earliest convenience.

Respectfully submitted,

**HARDING MAZZOTTI, LLP**

Kelly A. Magnuson, Esq.
Attorneys for Plaintiff
1 Wall Street, Albany, New York 12205
Tel.: (518) 556-3402 | Fax: (518) 724-6201
Kelly.Magnuson@1800LAW1010.com

cc: Keith S. Rinaldi, Esq. via ECF

3