USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/27/2026

**KEITH S. RINALDI, P.C.**

Attorneys and Counsellors At Law

THE RINALDI BUILDING
TEN ARLINGTON AVENUE
POUGHKEEPSIE, NEW YORK 12603-1604
FED ID#: 14-1660058
KSRPCLaw@gmail.com

TEL: (845) 471-3000                                                      FAX: (845) 471-3003

**MEMO ENDORSED**

May 26, 2026                          VIA ECF ONLY

Hon. Nelson S. Román
United States District Judge
United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, New York 10601

Re:    Rosas v. Keith S. Rinaldi, P.C. et al.,
       Case No. 7:26-cv-01314-NSR
       Pre-Motion Conference Letter — Anticipated Motion to Dismiss Plaintiffs Amended
       Complaint under FRCP Rules 12(b)(2), 12(b)(4), and 12 (b)(5) for lack of personal
       jurisdiction and insufficient service of process

Dear Judge Román:

We represent the Defendants and write pursuant to Your Honor's Individual Practices Rule
3(A)(ii) to respectfully requesting a Pre-Motion Conference in connection with Defendants'
anticipated Motion to Dismiss Plaintiff's Amended Complaint against Defendants for lack of
personal jurisdiction and insufficient service of process and in support, and thereof allege as
follows:

see pg. 3

As the Court is aware:

1. Plaintiff commenced this action by filing an Amended Complaint alleging claims under
   the Fair Labor Standards Act, the New York Labor Law, and the New York State Human
   Rights Law against Defendants Keith S. Rinaldi, P.C., Rinaldi Tax Inc., and Keith S.
   Rinaldi, individually.

2. According to the Affidavit of Service filed by Plaintiff on April 20, 2026, the process
   server purportedly served Defendant Keith S. Rinaldi, P.C. by delivering the summons
   and amended complaint to "Josephine Valentine (sic)". Her correct name is Josephine C.
   Valente. She is _not_ an.officer, director, managing agent, general agent, registered agent, or
   any other person authorized by appointment or law to accept service on behalf of either
   corporate Defendant as required under Federal Rule of Civil Procedure 4(h) and New
   York CPLR § 311.

1

3. Certainly, the Affidavit of Service does not establish that Ms. Valente was an officer, director, managing agent, general agent, or other authorized agent as required under Federal Rule of Civil Procedure 4(h) and New York CPLR § 311. In any event, in fact, no Affidavit of Service relative to Rinaldi Tax, Inc. has been filed.

4. The separate Affidavit of Service relating to Defendant Keith S. Rinaldi individually states that service was made pursuant to CPLR § 308(2) upon "Josephine Valentine (sic)", a person of suitable age and discretion," and further reflects that mailing was accomplished and service completed "on _____ " but nothing relative to service was thereafter received by my office. Thus, as mailing was not accomplished, service was never completed relative to defendant, KEITH S. RINALDI.

5. Service upon a corporation under Rule 4(h) and CPLR § 311 requires delivery to an officer, director, managing or general agent, or other authorized agent. Merely leaving process with an office employee, even an office manager, is insufficient absent proof of actual authority to accept service.

6. Josephine Valentine (sic) was not authorized to accept service of process on behalf of Keith S. Rinaldi, P.C. and Rinaldi Tax Inc., nor Keith S. Rinaldi, Individually. Again, no Affidavit of Service relative to Rinaldi Tax, Inc. has been filed.

7. Defendants preserved the defense of improper service and lack of personal jurisdiction in their Answer and Counterclaims. Specifically, Defendants alleged:
"Plaintiff failed to have the defendants properly served with the Summons and Amended Complaint, and thus, the Court lacks personal jurisdiction over defendants."

8. Because Plaintiff failed to properly effectuate service upon the corporate Defendants, and defendant Keith S. Rinaldi, Individually, this Court lacks personal jurisdiction over Keith S. Rinaldi, P.C. and Rinaldi Tax Inc., as well as Keith S. Rinaldi, individually.

9. Defendants KEITH S. RINALDI, P.C. , RINALDI TAX INC., and KEITH S. RINALDI, Individually, respectfully request that this Court grant permission for Defendants to Move for the following relief:

      a) Dismiss the Amended Complaint against said Defendants pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure;
      b) Alternatively, quash the purported service of process;
      c) Award Defendants such other and further relief as this Court deems just and proper.

2

Finally, please note that pursuant to the Order of this Court, dated May 22, 2026,
"Defendants are directed to respond to Plaintiff's May 21, 2026
request for a pre-motion conference on or before May 29, 2026".

Please advise, in the usual fashion, if this request results in Defendants' response to plaintiff's request being, at this time, vitiated, or delayed until a future personal jurisdiction Motion is permitted, made and decided.

Thank you for your cooperation and courtesy, and time and attention to this matter.

Respectfully,

KEITH S. RINALDI, P.C.

BY:_____
      KEITH S. RINALDI

KSR/aci

Cc:  Kelly A. Magnuson, Esq.          via ECF

The Court is in receipt of Defendants' letter request seeking a pre-motion conference in connection with their anticipated Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5), as well as Plaintiff's letter request seeking a pre-motion conference in connection with Plaintiff's anticipated motion to dismiss Defendants' counterclaims pursuant to Fed. R. Civ. P. 12(b)(6), strike certain allegations pursuant to Fed. R. Civ. P. 12(f), and for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.

The Court waives the pre-motion conference requirement as to Defendants' anticipated motion to dismiss and sets the following briefing schedule:

- Defendants shall serve, not file, their moving papers on or before June 26, 2026;
- Plaintiff shall serve, not file, opposition papers on or before July 27, 2026; and
- Defendants shall serve their reply papers on August 11, 2026.

All parties shall file the motion papers, on the reply date, August 11, 2026. The parties are directed to provide Chambers with two physical courtesy copies of their motion papers on the same date they are served on opposing counsel. The parties are further directed to provide the Court with an electronic courtesy copy of the motion papers as they are served pursuant to this Court's local emergency civil rules.

Upon resolution of Defendants' anticipated motion to dismiss, the Court will address Plaintiff's requests concerning Defendants' counterclaims and Plaintiff's request for sanctions. The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 12 and 13.
Dated: May 27, 2026
      White Plains, NY

SO ORDERED:

3

NELSON S. ROMÁN
United States District Judge