UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIANNA O. ROSAS,

Plaintiff,

-against-

KEITH S. RINALDI, P.C., RINALDI TAX INC., and KEITH S. RINALDI,

Defendants.

No. 26-CV-1314 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Brianna O. Rosas brings this action against Defendants Keith S. Rinaldi, P.C., Rinaldi Tax Inc., (together, "Corporate Defendants") and Keith S. Rinaldi (together, "Defendants"). Plaintiff bring claims for violations of the Fair Labor Standards Act ("FLSA"), violations of the New York Labor Law ("NYLL"), retaliation under the FLSA and the NYLL, and sexual harassment under the New York State Human Rights Law.

Presently before the Court is Defendants' Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5). For the following reasons, Defendants' Motion is GRANTED in part, DENIED in part, and RESERVED in part.

## BACKGROUND[1]

### I. Factual Background

Because the instant motion concerns the sufficiency of service and the Court's exercise of personal jurisdiction over Defendants, the Court recounts only those facts relevant to those issues.

[1] The parties' briefs will be referred to herein as follows: Defendants' Motion to Dismiss ("Dfts. Mtn.," ECF No. 16); Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Pltf. Opp. to Dfts.," ECF No. 22); Defendants' Reply in Support of their Motion to Dismiss ("Dfts. Reply," ECF No. 17).

The following facts are derived from the Amended Complaint (the "AC").

Plaintiff Brianna Rosas, a resident of the state of New York, was employed by Defendants as a non-exempt, non-managerial employee from around mid-2020 to January 31, 2025. (AC ¶¶ 5-6.) Defendant Keith Rinaldi, an individual who is a resident of the State of New York, is the owner, corporate officer, director, and/or managing agent of the two Corporate Defendants, Keith S. Rinaldi, P.C. and Rinaldi Tax Inc. (*Id.* ¶¶ 14, 15.) Defendant Keith S. Rinaldi, P.C. is a domestic business corporation that provides legal services. (*Id.* ¶¶ 8, 10.) Defendant Keith S. Rinaldi, P.C. is organized and exists under the laws of the state of New York, with a principal place of business at 10 Arlington Avenue, Poughkeepsie, New York 12603. (*Id.* ¶¶ 8, 9.) Defendant Rinaldi Tax Inc. is a domestic business corporation that provides tax services. (*Id.* ¶¶ 11, 13.) Defendant Rinaldi Tax Inc. is organized and exists under the laws of the state of New York, with a principal place of business at 10 Arlington Avenue, Poughkeepsie, New York 12603. (*Id.* ¶¶ 11, 12.)

## II. Procedural History

Plaintiff commenced this action on January 15, 2026. (ECF No. 1.) Thereafter, on January 31, 2026, Plaintiff filed an Amended Complaint, which is the operative pleading. (ECF No. 4.) On April 20, 2026, Plaintiff filed two affidavits of service, stating that Keith S. Rinaldi, P.C., and Rinaldi Tax, Inc. were served on April 14, 2026. (ECF No. 8.) The affidavits stated both of these entities were served by "delivering and leaving with Josephine [Valente] said individual to be Authorized Agent who specifically stated he/she was authorized to accept service on behalf of the Corporation." (ECF No. 8.) The affidavits further state that "service was completed by mailing a true copy of the above document(s) to 10 Arlington Avenue, Poughkeepsie 12603." (*Id.*) The affidavits do not state when the service was mailed. (*Id.*) On April 23, 2026, Plaintiff filed an affidavit of service stating that Keith S. Rinaldi was served on April 14, 2026. (ECF No. 9.) The

affidavit states that service was effectuated "by delivering thereat a copy of each to Josephine [Valente] (Office Manager) a person of suitable age and discretion. Said premises is recipient's . . . actual place of business / employment." (*Id.*) The affidavit further states that "service was completed by mailing a true copy of the above document(s) to 10 Arlington Avenue, Poughkeepsie 12603." (*Id.*) The affidavit does not state when the service was mailed. (*Id.*)

On May 5, 2026, Defendants filed an answer and asserted eight counterclaims against Plaintiff. (ECF No. 10.) On May 21, 2026, Plaintiff sought a pre-motion conference in connection with her anticipated Motion to Dismiss Defendants' counterclaims. (ECF No. 12.) On May 26, 2026, Defendants sought a pre-motion conference in connection with their anticipated Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 14.) The Court set a briefing schedule for Defendants' Motion to Dismiss, and clarified that upon resolution of the motion, the Court would address Plaintiff's anticipated Motion to Dismiss. (ECF No. 15.)

On August 11, 2026, Defendants filed their Motion to Dismiss Plaintiff's Amended Complaint and their reply in support. (ECF Nos. 16, 17.) Defendants also filed an affidavit in support of their motion. (ECF No. 20.) On the same day, Plaintiff filed her opposition brief and an affirmation in support of her brief. (ECF No. 21, 22.)

## LEGAL STANDARD

### I. Rule 12(b)(2)

On a Rule 12(b)(2) motion, the plaintiff bears the burden of establishing that the Court can exercise personal jurisdiction over the defendant. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). To satisfy that burden, the plaintiff must plead facts that, if true, are sufficient to establish personal jurisdiction, and may do so through affidavits and other supporting materials containing factual averments that, if credited, would establish jurisdiction

over the defendant. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). "Where . . . a district court relies on the pleadings and affidavits, . . . [the] plaintiff[] need only make a prima facie showing of personal jurisdiction over the defendant." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008). In evaluating the motion, the Court must construe the pleadings and any supporting materials in the light most favorable to the plaintiff. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013).

## II. Rule 12(b)(4)

A Rule 12(b)(4) motion "concerns the form of the process rather than the manner or method of its service." *See Jackson v. City of N.Y.*, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed. 2004). "Therefore, a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Id.* In considering such a motion, a court may look beyond the pleadings, including to affidavits and supporting materials. *Trombetta v. Novocin*, 2020 WL 7053301, at *2 (S.D.N.Y. Nov. 24, 2020).

## III. Rule 12(b)(5)

"[A] Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Haidon v. Budlong & Budlong, LLC*, 318 F. Supp. 3d 568, 575 (W.D.N.Y. 2018). "Rule 12(b)(5) permits a party to move to dismiss [a] complaint for insufficient service of process." *Grp. One Ltd.*, 523 F. Supp. 3d 323, 332 (citing Fed. R. Civ. P. 12(b)(5)); *see Jackson v. City of N.Y.*, 2015 WL 4470004, at *4 (S.D.N.Y. June 26, 2015) ("Rule 12(b)(5) governs the defense of 'insufficient service of process.'"). "When a defendant moves for dismissal for inadequate service of process pursuant to Rule 12(b)(5), the plaintiff bears the burden

of establishing that service was sufficient." *Vega v. Hastens Beds, Inc.*, 339 F.R.D. 210, 215 (S.D.N.Y. 2021). In considering such a motion, "the Court may look beyond the pleadings, including to affidavits and supporting materials, to determine whether service was proper." *Id.*

**IV. Waiver of Defenses**

A defense under Rules 12(b)(2), 12(b)(4), and 12(b)(5) must be raised in a defendant's first Rule 12 motion or, if no such motion is made, in the responsive pleading. Fed. R. Civ. P. 12(g)(2), 12(h)(1). A defendant's failure to timely raise an available Rule 12(b)(2), 12(b)(4), or 12(b)(5) defense results in waiver of that defense. Fed. R. Civ. P. 12(h)(1).

## DISCUSSION

Defendants move to dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5). (Dfts. Mtn. at 3.) The Court addresses each argument in turn. Because Defendants' Rule 12(b)(2) argument rests entirely on their contention that Plaintiff failed to effect proper service, and proper service is a prerequisite to the exercise of personal jurisdiction, the Court first considers the sufficiency of service under Rule 12(b)(5) before addressing Defendants' remaining grounds for dismissal.

**I. 12(b)(5)**

Defendants move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. As an initial matter, Defendants did not waive their 12(b)(5) defense. The Second Circuit has recognized that "on occasion the court, in entertaining a prompt motion to dismiss, may properly look beyond an erroneous label and consider a defense of insufficient service of process asserted under the rubric of lack of jurisdiction, or vice versa, for presumably the papers supporting the motion will have elucidated the true nature of the defense." *Santos v. State Farm Fire and Cas. Co.*, 902 F.2d 1092, 1096 (2d Cir. 1990). Here,

Defendants' Answer expressly alleges that "Plaintiff failed to have the defendants *properly served* . . . thus, the Court lacks personal jurisdiction over defendants." (ECF No. 10 ¶ 82) (emphasis added). Moreover, Defendants reiterate their challenge to the sufficiency of service in their pre-motion letter and motion papers. (*See* ECF Nos. 10, 14, 16, 17, 20). Thus, notwithstanding Defendants' failure to expressly invoke Rule 12(b)(5) in their Answer, the Answer sufficiently identified improper service of process as the basis for their defense. Accordingly, Defendants adequately preserved their Rule 12(b)(5) defense.

**A. Service upon Keith Rinaldi**

Defendants contend that service upon Keith Rinaldi was improper because Plaintiff failed to establish that the mailing required to complete service under New York law was timely effected.[2] (Dfts. Mtn. at 2-3.) Rule 4(e) of the Federal Rules of Civil Procedure states service on an individual may be effected by:

> "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C)

[2] Defendants also argue that service was improper because Josephine Valente was not authorized to accept service of process. (Dfts. Mtn. at 2-3.) The Court need not resolve that issue. Neither Plaintiff's affidavit of service nor Plaintiff's opposition papers assert that Valente was authorized to accept service on Keith Rinaldi's behalf. (ECF No. 9.) Rather, Plaintiff relies on CPLR § 308(2), arguing that service was completed by "delivery to a person of suitable age and discretion at Keith Rinaldi's actual place of business" and the required mailing. (Pltf. Opp. to Dfts. at 6.)

> delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Fed. R. Civ. P. 4(e). Under New York law, service upon an individual may be accomplished by delivery to a person of suitable age and discretion at the individual's actual place of business and by mailing the summons to the individual, with "such delivery and mailing to be effected within twenty days of each other." N.Y. C.P.L.R. § 308(2).

Plaintiff has not met her burden of establishing that service upon Keith Rinaldi was sufficient under either of the methods authorized by Rule 4(e). Plaintiff has not established proper service under Rule 4(e)(1). Although Plaintiff's affidavit of service states that a copy of the summons and Amended Complaint was delivered to Valente at Keith Rinaldi's actual place of business on April 14, 2026, and that "service was completed by mailing a true copy" to Keith Rinaldi's actual place of business, the affidavit does not identify the date on which that mailing purportedly occurred. (ECF No. 9.) Accordingly, the affidavit does not establish that the mailing occurred within twenty days of delivery, as required by the plain text of CPLR § 308(2). Plaintiff does not cure that deficiency through her submissions in opposition to Defendants' motion. Neither Plaintiff's opposition brief nor the affirmation submitted in support thereof identifies a date on which the required mailing allegedly occurred. (*See* ECF Nos. 21, 22.) Thus, even considering Plaintiff's submissions beyond the pleadings, the record contains no factual basis from which the Court could conclude that the mailing requirement of CPLR § 308(2) was timely satisfied.

Moreover, the absence of a mailing date prevents Plaintiff from establishing that service was timely under Rule 4(m). Because Plaintiff commenced this action on January 15, 2026, the 90-day period for service expired on April 15, 2026. Fed. R. Civ. P. 4(m). Although the affidavit reflects delivery on April 14, 2026, service under CPLR § 308(2) also requires mailing within

twenty days in order to deem service complete. Because neither the affidavit of service nor Plaintiff's submissions identify when that mailing occurred, Plaintiff has not established that the required mailing—and thus service—was completed within Rule 4(m)'s 90-day period.

Nor has Plaintiff established proper service under Rule 4(e)(2). Plaintiff does not contend that Keith Rinaldi was personally served, that a copy of the summons and Amended Complaint was left at his dwelling or usual place of abode with a person of suitable age and discretion who resided there, or that Valente was an agent authorized by appointment or by law to accept service on Keith Rinaldi's behalf. *See* Fed. R. Civ. P. 4(e)(2). Rather, Plaintiff's affidavit of service states that the documents were delivered to Valente, identified as an "Office Manager," at Keith Rinaldi's actual place of business. (ECF No. 9.) Delivery to a person of suitable age and discretion at a defendant's place of business, standing alone, is not among the methods of service authorized by Rule 4(e)(2).

Because Plaintiff bears the burden of establishing proper service and has failed to demonstrate compliance with either CPLR § 308(2) or Rule 4(e)(2), Defendants' motion to dismiss due to improper service in relation to Keith Rinaldi is granted.

### B. Service upon the Corporate Defendants

Defendants contend that service upon the Corporate Defendants was improper because Valente was not authorized to accept service on the Corporate Defendants' behalf.[3] Rule 4(h) of the Federal Rules of Civil Procedure states service on a corporation may be effected in two ways. Under Rule 4(h)(1)(A), Plaintiff may effect service upon the Corporate Defendants in accordance with New York law. Fed. R. Civ. P. 4(h)(1)(A). New York law provides that a plaintiff may serve a corporation by delivering the summons "to an officer, director, managing or general agent, or

---

[3] Defendant contends that no affidavit of service relative to Rinaldi Tax, Inc. was filed. (Dfts. Mtn. at 2.) The affidavit is available on the docket. (ECF No. 8.)

cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." N.Y. C.P.L.R. § 311(a)(1). Under Rule 4(h)(1)(B), a plaintiff may effect service upon a corporation by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant. Fed. R. Civ. P. 4(h)(1)(B).

Thus, under either Rule 4(h) method, Plaintiff must establish that Valente was a person authorized to receive service on behalf of the Corporate Defendants. To be sure, a process server's affidavit ordinarily "establishes a prima facie case of the account of the method of service," such that, "in the absence of contrary facts," proper service is presumed. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). That presumption, however, is not irrebuttable. A sworn denial that sets forth "specific facts to rebut the statements in the process server's affidavit[]" rebuts the presumption arising from the affidavit of service. *Id.* at 57–58.

Here, the affidavits of service state that Valente was an "Authorized Agent" who "specifically stated" that she was authorized to accept service on behalf of the Corporate Defendants. (ECF No. 8.) Valente directly disputes that account. In her sworn affidavit, Valente avers that she "never told the process served [sic] that [she] was 'authorized to accept service on behalf of [the Defendants.]'" (ECF No. 20 ¶ 4.) Plaintiff's citation to *Old Republic* is unavailing. (Pltf. Opp. to Dfts. at 5.) There, a process server averred that corporate security personnel identified an individual as a corporate officer, and the individual was subsequently served. *Old Republic*, 301 F.3d at 56–57. Although the defendant later submitted an affidavit arguing that the individual served was not a corporate officer, it did not dispute that corporate security had identified him as a corporate officer or that the process server reasonably relied upon that representation. *Id.* at 58.

The Second Circuit therefore concluded that service was proper. *Id.* The circumstances here are materially different. The Corporate Defendants do not merely contend that, notwithstanding Valente's purported representation to the process server, Valente lacked actual authority to accept service. Instead, Valente denies making the purported representation altogether. Thus, Valente's affidavit specifically rebuts the presumption arising from Plaintiff's affidavits of service.

Accordingly, because Valente's sworn affidavit specifically contradicts the process server's account concerning whether she represented that she was authorized to accept service on behalf of the Corporate Defendants, the Court cannot resolve the resulting factual dispute on the papers. The Second Circuit has instructed that where a defendant rebuts a process server's affidavit with a sworn denial containing specific facts, the district court must conduct an evidentiary hearing to determine whether service was proper. *See Old Republic*, 301 F.3d at 57–58. Accordingly, the Court reserves decision on the Corporate Defendants' 12(b)(5) motion. The Court will hold an evidentiary hearing to determine whether service upon the Corporate Defendants was properly effected.

**II. 12(b)(2)**

Defendants also move to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. [4] "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Once service has been properly effected, the exercise of personal jurisdiction over the defendant must comport with the requirements of due process. *Metro. Life. Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996).

---

[4] As Plaintiff acknowledged in her opposition brief, Defendants preserved the lack of personal jurisdiction as an affirmative defense in their Answer. (Pltf. Opp. to Dfts. at 4; ECF No. 10 at ¶ 82)

> "The due process test for personal jurisdiction has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry. The court must first determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction . . . The second stage of the due process inquiry asks whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Id.* at 567-68.

Defendants' personal-jurisdiction argument rests entirely on the contention that Plaintiff failed to properly serve them. (ECF No. 14 at ¶ 8, "Because Plaintiff failed to properly effectuate service . . . this Court lacks personal jurisdiction over [the Defendants];" ECF No. 10 at ¶ 82, "Plaintiff failed to have the defendants properly served . . . thus, the Court lacks personal jurisdiction over defendants.") Defendants do not contend that the Court's exercise of personal jurisdiction over the defendants is inconsistent with due process. Indeed, the Amended Complaint alleges that Keith Rinaldi is a New York resident, that both Corporate Defendants are organized under New York law and maintain their principal places of business in New York. (AC ¶¶ 4, 8–24.) Plaintiff further alleges that she worked for Defendants and that a substantial part of the events underlying her claims, including her employment and Defendants' alleged failure to pay wages, occurred in New York. (*Id.* ¶¶ 4, 16–25.) Accordingly, whether the Court may exercise personal jurisdiction over Defendants turns on the sufficiency of service.

As discussed *supra* section I.A, Plaintiff failed to properly effect service upon Keith Rinaldi individually and, therefore, the Court lacks personal jurisdiction over Keith Rinaldi. As to the Corporate Defendants, however, whether service was properly effected—and, consequently, whether the Court may exercise personal jurisdiction over them—cannot be determined on the present record. The Court will therefore reserve decision on Defendants' Rule 12(b)(2) motion as

to the Corporate Defendants pending the evidentiary hearing.

**III. 12(b)(4)**

Defendants move the Court to "dismiss the Amended Complaint against said Defendants pursuant to Rule[] . . . 12(b)(4)." (Dfts. Mtn. at 3.) A defense of insufficient process must be raised by motion before the responsive pleading or included in the responsive pleading itself; otherwise, the defense is waived. Fed. R. Civ. P. 12(h)(1). Here, Defendants' responsive pleading—the Answer—does not assert that process was insufficient. Defendants' Answer states only that Plaintiff "failed to have the defendants properly served with the Summons and Amended Complaint, and thus, the Court lacks personal jurisdiction over defendants." (ECF No. 10.) That language challenges the service of process and personal jurisdiction, not the sufficiency of the process itself. Moreover, Defendants made no motion asserting a 12(b)(4) defense before filing their responsive pleading, and Defendants' briefs make no argument as to why dismissal under Rule 12(b)(4) is proper. Accordingly, Defendants waived their Rule 12(b)(4) defense, and the motion is denied on that ground.

**IV. Extension of Time to Effect Proper Service**

Although Plaintiff has failed to establish that service upon Keith Rinaldi was properly effected, dismissal is not warranted. Under Rule 4(m), where service has not been timely effected, the Court may "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Moreover, district courts retain discretion to extend the time for service. *Sauer v. Town of Cornwall*, 2021 WL 4066848, at *4 (S.D.N.Y. Sept. 7, 2021). In exercising such discretion, courts typically consider whether a plaintiff made diligent efforts to effect service, whether the defendant had actual notice of the claims asserted in the

complaint; and whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*Id.* Here, Plaintiff attempted to serve Keith Rinaldi, Keith Rinaldi has actual notice of this action and has participated in the litigation, and there is no apparent prejudice that would result from permitting Plaintiff a limited period to cure the defect in service. Accordingly, rather than dismiss the claims against Keith Rinaldi, the Court exercises its discretion under Rule 4(m) to extend Plaintiff's time to effect service and directs Plaintiff to properly serve Keith Rinaldi within sixty (60) days of the date of this Order.

**CONCLUSION**

For the foregoing reasons, Defendants' 12(b)(5) and 12(b)(2) motions as to Defendant Keith S. Rinaldi are **GRANTED**, solely on grounds that service was improper. The Court grants Plaintiff a 60-day extension to effect proper service on Defendant Keith S. Rinaldi. Should Plaintiff fail to timely effect proper service, the Court may dismiss the claims against Defendant Keith S. Rinaldi pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(2). As to Defendants Keith S. Rinaldi, P.C. and Rinaldi Tax Inc., the Court **RESERVES DECISION** on Defendants' Rule 12(b)(5) and Rule 12(b)(2) motions pending an evidentiary hearing concerning the sufficiency of service. The parties are directed to contact the Court within three (3) days of this Opinion & Order to schedule the evidentiary hearing. Defendants' Rule 12(b)(4) motion is **DENIED**. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 16.

Dated: October 1, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge